## Wolff, Jr., et al. v. Vosseler, et al.

(Decided January 25, 1927.)

Appeal from Campbell Circuit Court.

1. Executors and Administrators—Finding that Expenses for Deceased's Husband were Not Expenses of His Last Illness Within Meaning of Will Held Sustained by Evidence.—Where deceased

provided by will that her personal representative should pay expenses of last illness and funeral expenses of her husband, finding of court disallowing items of expense in connection with nursing of husband at his home held sustained by evidence, where expenses did not appear to have been incurred as part of last illness.

2.  Executors and Administrators—Notes Given to Children by Husband Prior to Wife's Death did Not Constitute Claims Against Wife's Estate.—Claims based on notes executed by husband in children's favor prior to wife's death held properly disallowed as claim against wife's estate, though money loaned was claimed to have gone towards her support, where money was not advanced to her, and she did not sign notes.

3.  Executors and Administrators—Husband's Executor, who Paid Interest and Taxes on Wife's Property, in which Husband, who was Her Executor, Had Life Estate, Could be Reimbursed from Wife's Estate.—Where wife left all her property to husband with remainder to mother, making husband executor, items of taxes and interest paid on property by executor of husband's estate, husband dying after wife, constituted claims against estate of wife for which husband's executor was entitled to reimbursement.

HUBBARD SCHWARTZ for appellants.

BARBOUR & BASSMANN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

Katie Wolff died on the second day of October, 1921, having first made her last will and testament. She was the owner of certain real estate in Dayton, Campbell county, Kentucky. There was a mortgage against the real estate which had been executed by her and she owed certain other debts. She left surviving her Charles J. Wolff, her husband, who was nominated by her as executor of her will. The will also provided that at the death of her husband Fred B. Bassman should be executor of her will. She left all of her property to her husband, Charles J. Wolff, during his life with the remainder at the death of Charles J. Wolff to her mother, Katie Vosseler. There is this provision in the will: "At the death of my husband, Charles J. Wolff, I direct my personal representative to pay the expenses of the last illness and the funeral expenses of my husband, Charles J. Wolff." Suit was instituted by Charles J. Wolff, executor of Katie Wolff, to settle the estate. Katie Vosseler and Charles J. Wolff, the Kentucky Loan and Building Association No. 1 of Newport, Kentucky, Charles J.

Wolff, Jr., E. O. Wolff and Lydia Sieferlein were made defendants. The three last mentioned are the children of Charles J. Wolff. This suit was instituted on the 12th day of May, 1922, and on the 7th day of the following October, the death of Charles J. Wolff was suggested and the action was reinstated in the name of Fred B. Bassman, executor of the estate of Katie Wolff. The cause was referred to the master commissioner to receive and report an accounting by Charles J. Wolff and Fred B. Bassman as executors of the estate of Katie Wolff and the creditors of the decedent. Judgment was entered in which the chancellor found that Katie Wolff did not have sufficient personal property to pay her debts and a decree was awarded directing the sale of the real estate. The real estate was sold on the 15th day of November, 1922, for $4,600.00.

On the 14th day of May, 1924, the master commissioner made his report, showing in detail the claims which had been filed and reporting the proof in support thereof. E. O. Wolff, executor of C. J. Wolff, the deceased executor of Katie Wolff, had reported settlement of matters in his hands to the master commissioner showing the expenditures made by him and for which he made claim against the estate of Katie Wolff. These items show an aggregate of $2,537.73, and are as follows: Taxes and re pairs on real estate, $109.87; interest paid Ky. L. & B. Asso. No. 1, $18.00; housekeeper, groceries, gas, water and other expenditures for support of Charles J. Wolff, $722.51; interest paid Ky. L. & B. Assn. No. 1, $13.20; Burnett House board bill, $56.03; attorney Lovett for notarial services, $5.00; cash furnished to Charles J. Wolff, $107.50; note of Charles J. Wolff for $875.00, dated April 2, 1921, with interest at 6% per annum from April 2, 1921, claimed to be due Lydia Sieferlein, $958.12; note of Charles J. Wolff for $500.00, dated April 2, 1921, with interest at 6% per annum from April 2, 1921, claimed to be due Charles J. Wolff, Jr., $547.50. Exceptions were filed to the report of the master commissioner by E. O. Wolff, executor of the estate of Charles J. Wolff, deceased, and exceptions were also filed by Charles J. Wolff, Jr., and by Lydia Sieferlein. The court entered judgment disallowing all of the items above set out, and exceptions were taken to this part of the judgment. The note for $875.00 held by Lydia Sieferlein and the note for $500.00 held by Charles J. Wolff, Jr., were filed as claims against the estate of Katie Wolff and were disallowed by Fred B.

Bassman, executor, and the court also disallowed these claims against the estate of Katie Wolff. They appear to have been filed against the estate of Charles J. Wolff, and his executor, E. O. Wolff, filed them against the estate of Katie Wolff, and the holders of the notes also filed them individually against the estate of Katie Wolff. The court allowed E. O. Wolff, executor of Charles J. Wolff, the following items to be paid out of the estate of Katie Wolff: County court for probating will, appraisers, etc., $10.25; principal paid to the Ky. L. & B. Assn. No. 1, $30.00; burial insurance, $5.50; St Francis Hospital, $270.00; county court fees for probating wills paid by Hubbard Swartz, $2.50; final settlement, $4.75; service performed by E. O. Wolff and C. J. Wolff as executors, $33.23.

The record is considerably confused by reason of no transcript having been made of the evidence taken and reported by the master commissioner. By agreement of parties the old record, including the depositions taken, was brought up. This is a bad practice which should not be allowed. The brief for appellants shows that they are complaining because the court disallowed the verified claim of E. O. Wolff as executor of Charles J. Wolff. It is contended that the expenses paid out by E. O. Wolff, as executor of the estate of his father, were expenses provided for in the will of Katie Wolff under that clause which directed her personal representative to pay the expenses of the last illness of her husband, Charles J. Wolff. The proof shows that Charles J. Wolff was an old man, but one of his sons testified that he was the youngest old man that he had ever seen. It appears that Charles J. Wolff was rather fastidious and not easily satisfied and after the death of his wife he stayed for a while with E. O. Wolff, but things were not satisfactory there and he then stayed for a while at the Burnett House and probably at two or three other places. It does not appear that he was suffering from any particular illness from the time of the death of his wife until he went to the hospital. The proof is not satisfactory that the expenses paid out for him prior to his going to the hospital could be considered expenses of his last illness. He spent much of the time in his own home at Dayton, Kentucky, where a nurse attended him, but the nurse seems to have been employed more because his sons did not want him to stay at his home alone than on account of any serious illness from

which he was suffering at the time. We are not prepared to say that the chancellor decided against the weight of the evidence when he held that the balance of the claim for expenses paid out in his last illness, amounting to $773.00, were not expenses of his last illness. We think his judgment is in accordance with the weight of the evidence and that he properly rejected the entire claim, unless, perchance, he should have allowed the amount paid for taxes on the real estate and the interest paid on the mortgage to the building and loan association, which we will discuss later.

We fail to see any foundation for the claim of Charles J. Wolff or Lydia Sieferlein, based on the notes executed to them by their father, that the notes should be paid out of the estate of Katie Wolff. The notes were executed by Charles J. Wolff prior to the death of his wife, as we undestand the record. The business of Charles J. Wolff was not prospering and it appears that he was preparing to go into liquidation. This son and daughter had advanced him money from time to time and in order to show the amount of his indebtedness to them he executed the notes. It cannot be contended that these notes represented expenses during his last illness. The claim seems to be based in part upon the idea that the money was spent towards the support of Katie Wolff as well as Charles J. Wolff and that her estate should be held responsible for the payment of the notes. She did not sign the notes and there is no claim that the money was advanced to her. It was the duty of her husband to support her, and if her husband's children loaned him the money for that purpose they would have no claim against her estate for a refund of the money.

It is urged that because the petition prayed for a sum to pay the expenses of the last illness of Charles J. Wolff and the holding of the remainder for the necessary support and maintenance of said Wolff that the executor recognized the validity of the provision of the will above referred to and the correctness of the claims made against the estate. Charles J. Wolff himself instituted the suit, and at that time no one knew whether there would be expenses in connection with his last illness, but there were expenses of his last illness which were allowed by the court after he went to the hospital. The court properly disallowed all of the claims involved on this appeal, unless it should be the claim for $109.87 for taxes

and repairs on the real estate and $31.20, interest paid on the loan to the building and loan association. These items total $141.07. As we understand the record, nothing came into the hands of E. O. Wolf from the estate of Charles J. Wolff. If the expenses had not been paid by E. O. Wolff the taxes and the interest would have constituted a claim against the estate which must have been paid before the remainder of the proceeds could be turned over to Katie Vosseler under the will. It would seem, therefore, that justice would demand that E. O. Wolff should be reimbursed for the item of taxes and interest. It is true that the owner of the life estate should have paid these items, but if his executor had nothing out of which they could be paid and he paid them personally it appears only reasonable that he should be reimbursed by the remainderman when if he had not paid them they would still have constituted a claim against the interest of the remainderman. The item of $109.87 is for taxes and repairs to real estate. The repairs to real estate should not be allowed and the cost of the repairs should be ascertained and deducted from the total amount, so that the amount paid in taxes may be ascertained.

In so far as the court disallowed all of the claims against the estate of Katie Wolff except the taxes and interest, the judgment is affirmed, but in so far as the court disallowed the item for taxes, and interest paid on the building and loan debt, the judgment is reversed and remanded for proceedings consistent with this opinion.